My name is Samuel Weiss and I've been brought in to present oral argument on behalf of the appellant Mr. William Barker. I'd like to preserve four minutes for rebuttal to begin with laying out the standard for a disability law failure to accommodate claim and show where the disreport erred and the state of California has erred in this appeal. For a failure to accommodate claim under Title 2 of the ADA or the Rehab Act the question is whether first he had a disability. Here there's no dispute about that. He was permanently disabled. Second whether without an accommodation he lacked meaningful access to a public entity's programs services or activities because of his disability. There's no question about that here either. Without an accommodation he could not use the bathroom and this court has squarely held in Pierce v. Orange County as well Armstrong v. Schwarzenegger that the use of a toilet in a prison is a program service or activity. And then the final issue is whether the public entity was reasonable in accommodating his disability to provide him such access to that program service or activity. And that's really the whole. Can I ask you? Say we agree with you on all the things you just said. My understanding is that to get damages he also needs to show deliberate indifference under Deval v. County of that's where I'm stuck on his claim. Can you respond to that? Absolutely. So you're correct that to obtain damages under the ADA you must show deliberate indifference. But it's important especially since we might get into the Eighth Amendment claim later to distinguish between what deliberate indifference means in the ADA context versus what it means in the Eighth Amendment context. For the ADA deliberate indifference is knowledge of a substantial likelihood of a violation of the ADA. So here and recall that for both of the ADA claims were on a Rule 12 motion. We have two separate real failures to accommodate. One is the use of the Hoyer lift which resulted substantial injury to him. And second is the failure to provide him any sort of access to the on on both of those. So on the Hoyer lift we it's a little odd because we have the motion to dismiss and we also have summary judgment so we know sort of more about this case than we would usually know. But it seems like he acknowledges that they've successfully used a Hoyer lift since this incident and there's been no problem since. And so that makes it hard to see how it was so unreasonable for them to try to use a Hoyer lift. Right. Well so I think again we are on Rule 12 here and I think it's worth parsing the deposition testimony here. You know if we're going to look at the discovery. What he alleges is that he and this is also it's not particularly detailed in the that are attached to the complaint and therefore appropriately considered on Rule 12. What he alleges is that he had been transferred using a manual lift and that when they came in with the Hoyer lift he said I have a back problem. This is going to hurt my back. Please don't do this. And argued with him you know also consider the power dynamics here right. This is a staff member to prison where he's incarcerated. That the other staff members also argued with Mr. Poston-Wingy about whether to use the Hoyer lift. So does this create a substantial knowledge of the public entity of a substantial likelihood of a failure to accommodate. And as an allegation yes I think that's pretty clear. And then also for the second set of failures to transfer where he said when I was in administrative segregation I wasn't transferred at all out of retaliation. There you also have a straightforward allegation of deliberate indifference. So that one that one I have different I mean so that one seems kind of conclusory and vague. I have trouble understanding how there's an adequate allegation of retaliation that cites any kind of specific failure to accommodate. Can you explain how you're reading it as sufficient? Sure. Although I think there's two separate questions. There's because I think it goes to the title two claim as well as the title five claim. So it shows deliberate indifference and that it's clear from the record and his allegations that he could not get to the toilet on his own. And he's alleged that he for retaliatory reasons was not given the ability to transfer out of retaliation for his past complaints. So that also demonstrates deliberate indifference on a rule 12 standard. Now whether he has alleged a title five claim it's true that the complaints were vague or they did not go into a tremendous amount of detail. But the district court's two bases for dismissal and the two arguments before us here on appeal we think were both incorrect. So the first is the temporal issue and the temporal issue treats Mr. Barker like he was just any other litigant. But he was incarcerated and the Prison Litigation Reform Act has an exhaustion requirement for the exact purpose of putting defendants on notice before a plaintiff can file a lawsuit. And so of course defendants were aware of his potential plans to litigate as well as his past ADA litigation. So we think the temporal issue is wrong. And then the district court also relied on this hypothetical of well he was you know in his complaint Mr. Barker was out, was wanted to be straightforward and make clear not even allow the inference that the reason he was transferred to segregation was retaliation. He made clear that that was for a different reason that he had a dispute with the staff member. But then once he was there he was retaliated against and the district court said well it could have been that reason as opposed to this reason. And that's totally a plausible finding for a fact finder to make it's just not appropriate on Rule 12. And while his allegations were somewhat vague you know it's also the case that it's a relatively straightforward and plausible story that he was transferred in a way that he did not like. He was injured. He filed grievances and eventually a lawsuit about it. And in retaliation the facility said okay you don't like how we're going to transfer you we're not going to transfer you at all. And so was it and are we are we supposed to be able to tell that what he's saying is he wasn't transferred at all. I mean I think he says something vague like I was denied services. I your honor I think it's a little bit in paragraph 27 of the complaint. I think it's a little bit more specific than that. I could be wrong. That's on SCR 25. I can actually pull it up while we're talking if that would be helpful. I'll look at it as well. Yeah paragraph 27. He was placed in administrative segregation while in administrative segregation Barker was denied aid from prison nursing staff with transferring himself to and from his wheelchair because of past lawsuits he filed against prison staff. And I think there's a little bit more detail in the under the heading of you know the title five count. But yeah it wasn't particularly detailed. I think the main I think in response to your concern what we would say is please reverse that ruling and remand with instructions for the district court to grant leave to amend. Because the district court dismissed without leave to amend on the grounds that there was misjoinder. But the only reason that there was misjoinder was because and even the district court straightforwardly says this. The only reason there was misjoinder is because they had dismissed the title 288 claim. But we think the title 288 is pretty straightforward and should be reversed. And once you once the title 288 claim is back in the case there's even the district court would concedes that there's no. But so we would have to agree with you about this idea that the Hoyer lift was deliberate indifference in order for there to be a claim to hook the retaliation claim onto right? Well so I think if if the title 288 case comes back then I think the joiner issue is straightforward and the district court has already conceded that. It says because the title 288 claim that's what his court opinion says is out. I think even now obviously there's no joiner issue if this if this is the only case you send back. But if you send just this and the eighth amendment claim back which I think would be kind of curious I think the title 2 the title 2 of the ADA is a broad remedial statute. It is not as high a bar as the eighth amendment so I think that would be odd. I think the title 288 question is easier but if you were to send the eighth amendment claim back I think that there's still a strong argument there is an abuse of discretion that this is still in the same series of transactions and given how liberal a joiner is supposed to be against what are the same defendants or agents of the same defendant here. But I think that's a closer issue and you have to get into it. You have to get into a joiner analysis whereas if you send the title 288 claim back it's straightforward. Can we go back to the the title 2 claim and just help me understand why this is a failure to accommodate as opposed to just a negligent attempt to execute a reasonable accommodation. That's why I guess I'm having trouble. Well because in accommodation is not reasonable if it you know it or perhaps I'll put it this way negligence goes to the mental state of defendants right so this is a deliberate indifference question. What did Austin Wingeney know? Well on the allegations of the complaint he had always been transferred using a manual lift. He was permanently disabled and they showed up at the Hoyer lift and despite these power dynamics Mr. Barker said my back is messed up you are going to injure me if you do that and the other staff members argued with Austin Wingeney and said you're going to injure him if you do that and then well that's not quite I guess maybe I don't have the facts quite straight but I thought rather it if they had used it kind of used as directed the Hoyer lift would not have posed any risk of injury to the back it's rather that your client said if you use it in that way in the way that it's supposed to be used you're going to injure my groin area or something like that and so they said oh okay well to accommodate that concern of yours let's try it this other way and that and that's what unfortunately led to the injury but that that's just kind of a negligent attempt to use this device that otherwise would have been fine yeah I don't think that that's clear certainly reading the inferences and the light that we have to on rule 12 I would encourage the court to look at his the deposition testimony that Mr. Barker cites in his opening brief I mean I have a little bit of in front of me right here where Barker said quote don't do it I don't want to be put in this Hoyer lift because it's going to hurt my back I it's it's hard to imagine how he could have been more straightforward than that I defendants make this distinction on appeal where he said my back's messed up but he didn't say he had a chronic back condition I I don't know what kind of burden we're putting on incarcerated plaintiffs when it's they don't use the exact right medical terminology in diagnosing themselves and asking for help and what is it an objective question like so he's saying don't use this Hoyer lift but can we assume that the prison officials knew that Hoyer lifts generally work and in fact we know that it generally works for him most of the time so I'm still I don't really understand how we get to the idea that it was so unreasonable well I I don't think we know from the allegations on the complaint I don't think we know that it used a manual lift before and you know part of the unreasonableness is and and again unreasonable isn't exactly the right term here but was awesome wingy was he put on notice of a substantial likelihood of a violation of a federal right and here that was the right to a reasonable accommodation and I think the fact that he had this argument that the other staff members joined in his argument and Mr. Awesome when he said I'll either use the Hoyer lift or he can sit here and basically defecate on himself those are the two options and also relevant here when it comes to their different options they never nowhere in the record or in the briefing is there any explanation of why they couldn't use the manual lift they had used the manual lift for several times um well I think there's an explanation now in the record I mean we we do know now why they're saying they couldn't use it and it had something to do with your the size of your client and his uncooperativeness and being lifted well I think they said because of safety reasons but right whether he had done anything whether this is totally a post-hoc rationalization cooked up by lawyers as opposed to what asked Mr. Awesome when his actual basis for decision because we're looking at his mental state but we know that he's several hundred pounds right he's very heavy I think he's like 230 pounds he's he's also he's permanently disabled he uh uh the idea it's unclear why he wasn't a safety risk in the first three days he was there um just a point that I would like to make there are two points I guess I'd like to make very briefly one is that this reasonableness question the reasonableness of accommodation it's black letter ADA law this is a typically not even resolved on summary judgment heroes resolved on rule 12 um defendants frame this as a denial question but it's not a denial question it's a reasonableness question he sat on that toilet for two and a half hour he sat on his wheelchair for two and a half hours trying not to defecate himself there's no question about that um and um well I I'll just reserve whatever time you all would like to give me after that we'll give you a couple minutes for you you've exceeded all of your time for for your main argument but let's let's turn to counsel for the defendants and hear uh hear from you good morning may please support Diana Esquivel from the office of the attorney general on behalf of defendants and appellees uh also mwingi and ramaskol and um your honors I was going to have been a little spiel but uh given that time flies I'm going to direct some of the specific points that have been raised just so uh we can get some clarity in terms of the proper pleading um the correct and the operative complaint that governed the motion to dismiss I want to discuss the motion to dismiss first of the ADA and retaliation claims is the second amended complaint um that we submitted in the supplemental excerpts of records at pages 21 to 31 we did address this in our brief that there was a misnomer naming of the complaints so we have to look at the correct complaint throughout the opening brief they kept referring to the first amended complaint as the basis that why they're arguing that dismissal was improper but you they were looking at the wrong pleading the correct pleading that the no we we've got it we we have the the right pleading and in fact your opponent quoted from the right pleading so just what's the point you want us to focus on that the point I want to make your honor is that whether it's a denial or a failure to provide reasonable accommodation the allegations in the in the second amended complaint are inadequate to state a cognizable claim for either one and that was what the district court was trying to address and in addressing the opposition that because this is a question of um the adequacy of the provision whether it's movement or whether it's treatment etc it kind of veered off course and this is where it's our position that you really don't even have to go down that road you just have to look at the allegations in the complaint and see how big well that they don't state a cognizable claim okay so let's say let's say that we agree with you on that limited point but but what I guess I I view as the stronger argument from your opponent is that well listen we should have been granted leave to amend and so that's kind of what I'm focused on it seems like there are facts here that could be crafted into a cognizable claim and why why do you think that that's that there's just no no set of facts that that could possibly be um put in an amended complaint that would would survive a motion to dismiss here here your honor the district court exercised its discretion to uh as it's permitted to under federal rule civil procedure 21 to drop cdcr and the state as a party based on the fact that even if the plaintiff could properly plead an ada and retaliation claim it would be a misjoinder because there was no facts to show a relationship between what happened in March of 2015 when the Hoyer list was used and to almost two years later when he was transferred to administrative segregation I thought we were talking about the title two I thought we were talking about the title two claim you've shifted now to the basis for dismissing the title five claim I want to focus on the title two claim okay and I'm asking you I guess what what I'm saying is that I think I agree with you that as the claim is pleaded in the complaint that you directed us to yeah it's probably not adequate but it was dismissed without leave to amend ultimately right and it just seems to me that was wrong that there should have been leave to mention leave to amend should have been granted and I guess I just wanted to hear your response to that point on as to the title two I apologize I'll separate those two that again because the 1983 claim could stand on its own again the judge is looking what's the more efficient way to deal with these allegations against the state and the department so if they're seeking an ADA claim which cannot be brought against the two individual defendants the court here this is they're already on their third complaint this is not a pro se litigant that's drafting his own complaint this is very knowledgeable and skilled attorney that specialized in ADA claims that filed the first and second amended complaints that they're not putting forth sufficient facts to state a cognizable claim so again the court using its discretion can say okay well grant leave to amend or under rule 21 can say since there's no evidence that they're connected we can drop them and and proceed with the action on the 1983 claim and then as we mentioned if plaintiff had then proceeded to file a separate action correcting the ADA they could have subsequently made a motion to consolidate or have the cases related if they were able to make that factual connection so that it becomes a permissible under rule 20 but plaintiff chose to let the statute of limitations lapse and not proceed to try to see if they can make a cognizable claim under the ADA or for retaliation under the ADA I will confess if you look at the court's discretion that's the real question here did court abuse its discretion in choosing this approach as opposed to leaving allow keeping the claims together or the parties together and deciding it's probably more efficient for us to let us proceed on the 1983 we've already had several opportunities to amend the complaint they haven't shown sufficient facts and so to go the other route so so your your answer I guess although what you just not not very little what you just said seemed responsive to the question I posed to you but as to the title two claim I gather your answer is just simply that they had enough chances and time had run out and so the district court was was correct in just saying you've blown the the two chances I gave you and that's it you're not getting another one is that that's it at the bottom at the end of the day that's your answer I'm not saying your honor I'm not saying it's that that's obviously one of the considerations whenever I'm not saying it's the only consideration but the court then started looking at it from the perspective of what is the accommodation claim that plaintiff is trying to that there were plaintiffs were headed or plaintiff was headed with this argument was that Mr. Barker was complaining more about the way the manner in which he was provided the I'm sorry the Hoyer list was used rather than the fact that it was a denial because even the allegations don't really show that it was in a proper accommodation because they were trying to accommodate him the question was the manner in which they used so for the district judge it became a question of is this really an accommodations questions denial questions or are they mixing it with what would be improper treatment or matter of movement so because plaintiffs again had not provided the factual basis to make that distinction given the very vague allegations okay can can I ask you I guess I would just say I would just say at this point does it be is it an abuse of discretion to say after three attempts to properly plead uh an ADA claim under title two or is that enough or is that not enough again it's the district judge sitting looking at what's been filed looking at all the pleadings that have been submitted to that point looking at all the argument of counsel and then making that determination and exercising its discretion to decide I think this is better suited ask you a different question can I ask you a different question on a different subject now as to the deliberate indifference standard do you agree with what your opponent said that that it's the standard is not the same for the eighth amendment and for for a title two money damages claim I do not agree with that I read the Olympic standard always requires that there be information and not notice information available to the party from which he or she can reasonably infer that acting in a particular manner creates a substantial risk of serious harm to the prisoner and that is applicable under both the ADA and the eighth is harm by taking a particular action you think that's what we said in Duval as to what deliberate indifference means in the title two context I'm sorry I'm talking about Duval which is the case in which we finally said that deliberate indifference can can work you you I guess I just read that case differently I think from the what you just described it does seem to state a standard that's distinct from the eighth amendment standard because it's focused on whether the person has noticed that their actions are going to result in the denial of a of the person's rights under the ADA not having anything to do with you know inflicting deliberate you know deliberate infliction of pain well if are we speaking in terms of and for purposes of the dismissal motion or are we talking in terms of the motion for summary I'm sorry I guess I must have fair enough yeah I guess let me let me put it in more blunt terms given that we now have the summary judgment record on the eighth amendment claim I suppose one could argue that well there's really no point in allowing this title two claim to go forward because we know ultimately he's not going to be able to to prove deliberate indifference that that's at least one argument one could make your opponent says well no we can't rely on the summary judgment record as to the and the fact that you know even if we were to affirm the the dismissal of that claim that would not bar the title two claim from going forward because the standard for deliberate indifference under title two is different from the standard under the eighth amendment and so I was just trying to get you to respond it it seemed to me that he seems he seems right on that point that the standards are different and I was trying to get your response on that that legal point your honor that the standard for an eighth amendment claim is higher such that the looser standard under the ADA would be satisfied if you can show that deliberate indifference was not there's no issue probable issue of fact as to deliberate indifference under the eighth amendment standards again the evidence that we presented on the summary judgment motion not only shows that Mr. Barker was using the Hoyer list before he arrived at the health care facility center but also used it afterwards and that that morning when on March 5th I believe 2015 before he was injured he met with a nurse to discuss his complaints that he didn't want the Hoyer list to continue to be used but that nurse explained to him that supervising nurse explained to him and this is all in the record that given his weight he created a risk for both himself and for staff because staff might drop him if they if they were to do a manual labor we submitted the declaration of a nursing expert who passed who provided testimony that even if the defendants had performed a manual a manual lift there was no guarantee that his back would hurt because the manner in which the Hoyer list was used uh paralleled the mechanics of a manual lift so based on all the evidence that is already in the record in terms of the use and the and the reason why it was used the reasonableness of the manner in which it was used and that there was no medical contraindication to use the Hoyer lift that now makes it futile to remand this case even on the ADA claim if we're talking just about notice and reasonableness because all the evidence already satisfies those factors okay thank you and unless your honors have any other questions I'm just almost out of time the other issue I would point out in terms of some of the evidentiary objections is that the manual in terms of how to use the lift that one even though the district court sustained the objection uh it itself even spoke to using the the Hoyer lift in the manner in which it was used and we cite that specifically and we point that out in our brief um that that the manufacturer of that specific Hoyer lift said that it could be used with the straps underneath the arms to bring an individual to a standing position as opposed to lifting him uh his entire body and transferring him to another location okay so um unless your honors have any other questions um I'll go ahead and submit okay very good thank you very much let's put two minutes on the clock for rebuttal please that's fine yeah okay two minutes thank you your honors uh I'd be happy to answer any questions you have and I do have a question so is there an objective component to the deliberate indifference that applies under title two yeah I think so I mean I think uh the deliberate indifference uh my my friend on the other side I think summarized deliberate difference correctly except for that in the eighth amendment it's a substantial risk of serious harm and in the ADA it's a substantial risk of a serious or pardon me of a federal right um so uh I'm still not sure how you get over the objective part then especially I mean basically on a futility argument like Judge Watford was laying out like now that we know more because of the summary judgment record what is the point of amending how are you ever going to get past the objective well I think uh it's it's hard to say because plaintiff's attorney here did not do discovery on the ADA claim they only did on the eighth amendment claim uh so for example Judge Friedland you asked me questions about well wasn't so vague in conclusory these other times where they weren't uh weren't uh transferring him at all we have no evidence of that because that doesn't bear on the eighth amendment claim um so these are the sorts of things that could have been pursued in discovery and and just a quick note on an amendment but so sorry are you saying that you would use the administrative segregation allegations to bolster the title 2 claim yeah I think they're part of the title 288 claim also but that's not how the current complaint is right or am I forgetting it's uh so it's the administrative segregation is only cited in any of the counts under retaliation but it is in our briefing and also listed as a general allegation so it's generally allegation 27 so and of course it's the identical allegation uh or close to identical it's once again he was not provided a reasonable accommodation to transfer from his wheelchair to the toilet and on that point I would just reiterate that this court has repeatedly held its black letter ADA law in the circuit that uh reasonableness is a very fact-specific context-specific inquiry um and um I I understand that uh some of the summary judgment evidence which was not focused on the ADA claim but was focused on the eighth amendment claim might cast some doubt on that defendant is also relying on evidence they themselves argue is inadmissible uh to point to that but on the allegations of where you have both he and other staff members explicitly told uh Mr. Rosenwenge this is going to injure me and then it did injure him uh that that certainly gets over the very low rule 12 uh threshold to uh to allege a title 288 okay very good thank you both for your arguments this morning the case just argued is submitted
judges: WATFORD, FRIEDLAND, Korman